IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | **Case No. 8:19-cv-00452** |
| | ) | |
| JASON THOMAS BERG, | ) | BK18-81189 |
| MARY ANN BERG, | ) | CH. 7 |
| | ) | |
| Debtors | ) | |

## ORDER OF CONTEMPT

This matter came before the Court on the Report and Recommendation of the United States Bankruptcy Judge. (Fil. #1). United States Bankruptcy Judge Thomas Saladino requests that the Court withdraw the reference of the matter of the Debtors' contempt of court and exercise the judicial power of this Court to sanction Jason Thomas Berg and Mary Ann Berg ("Debtors") for their repeated failures to obey orders of the United States Bankruptcy Court for the District of Nebraska. (Bk. Ct. Fil. #202).

This Court ordered a hearing on the enforcement of the Bankruptcy Court's prior orders, to be held on February 18, 2020 at 9:00 AM. and directed the Debtors to appear at the hearing and show cause why they should not be held in contempt. (Fil. 6) This Court directed the Clerk of Court to mail this Order and hearing notice, together with the Report and Recommendation of the United States Bankruptcy Judge (Fil. #1) and attachments thereto (Bk. Ct. Fil. #156), the Contempt Order (Bk. Ct. Fil. #193), and the Trustee's proof of service (Bk. Ct. Fil. #196) to the Debtors by U.S. mail at the Debtors' addresses of record. (Fil. #6).

The Debtors failed to appear at the hearing on February 18, 2020 and show cause why they should not be held in contempt. Accordingly, the Court finds that Debtors are in civil contempt of Court for failing to appear before the Bankruptcy Court and before this Court as ordered. This Court further finds that the facts stated in the Trustee's Motion for Civil Contempt (Bk. Ct. Fil. #156) and supporting evidence are sufficient to find Debtors in civil contempt for (i) the failure of Debtor Thomas Berg to appear for a 341 examination; and (ii) the failure of both Debtors to comply with the Bankruptcy Court's orders to turn over assets and information to the Trustee as more fully set forth in the motion.

A district court may impose civil contempt sanctions for one of two purposes: to compensate parties aggrieved by contumacious conduct or to coerce compliance with the court's

orders. *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006). A court's sanctions for coercive contempt may include incarceration or fine; compensatory contempt allows a court to compensate the complainant for losses incurred. *Chicago Truck Drivers Union Pension Fund v. Brotherhood Labor Leasing,* 207 F.3d 500, 505 (8th Cir. 2000).

Based upon the foregoing, the Court finds that a coercive civil contempt penalty should be imposed against the Debtors. Specifically, the Court finds that the Debtors should be arrested and incarcerated until such time as they turn over to the Trustee the assets described in the Trustee's motion and submit to an examination by the Trustee regarding their assets, liabilities, financial transactions and any other matters relating to the administrative of their bankruptcy cases. Therefore,

IT IS ORDERED that the U.S. Marshal immediately arrest and incarcerate the Debtors.

IT IS FURTHER ORDERED that Debtors be incarcerated until their contempt is purged. Debtors may purge their contempt by immediately turning over to the Trustee the assets described in the Trustee's motion and by submitting to an examination by the Trustee with respect to their assets, liabilities, financial transactions and any other matters relating to the administrative of their bankruptcy case.

Dated this 20th day of February, 2020.

BY THE COURT

_/s/_Joseph F. Bataillon_____
Senior United States District Judge